Egan Jr., J.
(concurring). I recognize that, notwithstanding the seemingly contrary language of the statute, Labor Law § 241 (6) has been judicially extended to encompass highway repaving projects (see Mosher v State of New York, 80 NY2d 286, 288-289 [1992]; see also Ares v State of New York, 80 NY2d 959, 960 [1992]; Torres v Springcreek Assoc., 295 AD2d 976, 977 [2002]), and I acknowledge both that plaintiff has alleged the violation of a specific provision of the Industrial Code and that the record before us contains conflicting proof as to the cause of the asserted brake failure. For those reasons, and given the constraints of the existing case law, I reluctantly conclude that defendant County of Essex is not entitled to summary judgment dismissing plaintiffs Labor Law § 241 (6) cause of action. That said, I write separately because I fail to see how either the statutory goal or the remedial purpose of the Labor Law is advanced by holding the County liable under the circumstances presented here.
The County contracted with defendant Graymont Materials, Inc. to supply asphalt for the paving project, and Graymont, in turn, contracted with plaintiff’s employer, Beaudin Brothers Trucking, to transport and deliver the asphalt to the Hurricane Road paving site in the Town of Keene, Essex County. On the day of the accident, plaintiff delivered his first load of asphalt to the job site without incident and returned to the plant to pick up another load. During the course of the 45- to 60-minute drive from the plant back to the Hurricane Road site, plaintiff did not experience any difficulties with the brakes on the dump truck. As plaintiff crested the hill at the job site, however, the truck’s brakes purportedly failed.
Initially, to my analysis, the only factor that distinguishes *1041 plaintiffs Labor Law § 241 (6) claim from a run-of-the-mill motor vehicle accident — the latter of which, under the circumstances presented here, would not provide a basis for imposing liability upon the County — is the fact that the alleged brake failure occurred as plaintiff approached the job site. Had the asserted failure occurred at the asphalt plant itself or at any point along the route that was not in close proximity to the Hurricane Road site, the County, which did not own or operate either the dump truck or the asphalt facility, clearly would not be liable (see Flores v ERC Holding LLC, 87 AD3d 419, 420-421 [2011]). Notably, although plaintiff indeed was transporting materials that were an integral part of the repaving project, he was not actually engaged in unloading the asphalt at the time that the accident occurred. Under these circumstances, plaintiff should not, in my view, be entitled to the protection afforded by the statute simply — and only — by virtue of the fact that his brakes purportedly failed just as he arrived at the site.
Additionally, while the contested causation issues may well break in the County’s favor at trial, I do not believe that either the statutory goal or the remedial purpose of the statute is served or furthered by effectively casting the County — and other similarly situated owners — in the role of an insurer. Indeed, by allowing plaintiffs Labor Law § 241 (6) cause of action to stand, we essentially are advising the County to — going forward— either undertake an independent inspection of all vehicles owned by its contractors’ subcontractors to ensure compliance with any potentially applicable Industrial Code regulations or suffer the consequences of failing to do so. In my view, placing that burden upon an owner such as the County extends the statutory scheme far beyond its intended reach.
Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied the motion of defendant County of Essex for summary judgment (a) on its cross claim for indemnification against defendant Graymont Materials, Inc. and (b) dismissing the Labor Law § 241 (6) cause of action against it to the extent that it is based on 12 NYCRR 23-9.7 (b) and (c), and (2) granted Graymont’s motion for summary judgment dismissing the County’s cross claim; the County’s motion granted to that extent, and Graymont’s motion denied to that extent; and, as so modified, affirmed.